IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00366-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY JAVAN WILSON,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Supplement to Motion for Compassionate Release [Docket No. 61]. The government has filed a response opposing the motion. Docket No. 65.

**I. BACKGROUND**

On November 9, 2018, defendant Jeremy Wilson pled guilty to one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* Docket No. 23. On February 1, 2019, the Court sentenced defendant to 63 months imprisonment with three years of supervised release. *See* Docket No. 35 at 2. Mr. Wilson is currently incarcerated at USP Coleman II in Sumterville, Florida. *See* Docket No. 61 at 1. Mr. Wilson has served approximately 35 months of his sentence. Docket No. 65 at 2. His projected release date is December 20, 2022. *See* Docket No. 61 at 1.

On February 8, 2021, Mr. Wilson filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Docket No. 56. After counsel was

appointed for him on the compassionate release matter, his attorney filed a supplemental motion on April 2, 2021, *see* Docket No. 61, which the Court considers to be the operative motion. Mr. Wilson represents that extenuating circumstances with his family, in combination with his mental health issues, warrant compassionate release. Docket No. 61 at 5-6. Mr. Wilson requests that the Court grant him compassionate release from the remainder of his prison sentence and convert the remainder of his term of imprisonment to supervised release. *Id.* at 8.

## II. ANALYSIS

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. Mr. Wilson made a request to the warden, which was denied. *See* Docket No. 65 at 2.

There are three prerequisites to granting compassionate release. First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th

Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission. *Id.* Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors. *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.*

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, – F. App'x –, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

Mr. Wilson argues that extraordinary and compelling reasons justify compassionate release. First, he asserts that his mental health issues are being only "marginally treated" while incarcerated and he would receive better treatment if released. *See* Docket No. 61 at 5. Second, he argues that, because his mother died in November 2020, the financial support she provided Mr. Wilson's son has disappeared,

3

and his son's mother is unable to properly provide financial support to Mr. Wilson's son due to her own medical issues.  *Id.* at 5-6.  Mr. Wilson says that, if he was released, he could support his son.  *See id.*  The Court finds that neither reason is extraordinary and compelling.

      First, the Court finds that, under the circumstances of this case, the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'"  *Carr*, 2021 WL 1400705, at *4.  As to Mr. Wilson's mental health issues, § 1B1.13 states that, if a defendant is suffering from a serious medical condition, functional or cognitive impairment, or deteriorating mental health due to aging, and these conditions "substantially diminish[] the ability of the defendant to provide self-care," extraordinary and compelling reasons may justify compassionate release.  Although the application notes are not binding on the Court, they do describe the level of seriousness needed to qualify as "extraordinary and compelling."  For mental health or medical issues to justify release, they must seriously impact a defendant's ability to provide self-care within the correctional setting.  A brief lapse in care or the ability to seek better care outside of a correctional facility does not meet the high standard of an extraordinary and compelling reason.  As to family circumstances, as relevant here, the application notes state that the death or incapacitation of a minor child's caregiver may be considered extraordinary and compelling.  *See* U.S.S.G. §1B1.13.  Notably, a reduction in capacity to care for a minor is not considered extraordinary or compelling.  These notes provide the best definition in Mr. Wilson's case because Mr. Wilson circumstances are not unique, but typical of many who are incarcerated. As a result, the Sentencing Commission's

4

guidelines, which seek to separate the typical from the extraordinary, supply a proper framework to analyze Mr. Wilson's motion.

Mr. Wilson claims that he suffers from "cannabis use disorder, stimulant related disorder, bipolar disorder, anxiety disorder, post-traumatic street [sic] disorder, mononeruopathy of upper limb, astigmatism, and injury of shoulder and upper arm." Docket No. 61 at 5. He states that, due to the COVID-19 pandemic, "he has not been engaging in treatment of any kind." *Id.* The Court finds that Mr. Wilson has not demonstrated extraordinary and compelling reasons related to his health to justify compassionate release. First, although Mr. Wilson represents that he has not received in treatment of "any kind," the government states that he had a full mental health evaluation on November 30, 2020 and was provided further treatment on February 5, 2021. *See* Docket No. 65 at 5. Mr. Wilson does not contest these assertions in reply, except to say that he has been unable to secure placement in a non-residential drug treatment program. *See* Docket No. 66 at 1-3. As a result, Mr. Wilson seems to concede that he has received treatment and that his condition has not deteriorated. *See* Docket No. 65 at 5 ("There is no finding that the [d]efendant's condition has changed in any manner.").

Second, and more importantly, although Mr. Wilson asserts he could or would receive better treatment if he was not incarcerated, he at no point claims that he is unable to care for himself due to his mental health issues or that his medical conditions are otherwise interfering with his incarceration. As the guidelines state, a medical condition should substantially interfere with a defendant's ability to provide self-care. U.S.S.G. §1B1.13. Mr. Wilson fails to provide any case granting compassionate

release simply because there might be better care available were the defendant to be released. The mere presence of treatable mental health issues that do not impact a defendant's incarceration, and for which the defendant is receiving care, do not represent extraordinary and compelling reasons justifying release.

Regarding Mr. Wilson's family circumstances, Mr. Wilson states that his mother died in November 2020 and that she was providing supplemental income to support his minor child. *See* Docket No. 61 at 5-6. Mr. Wilson says that the lack of financial support "has been a big blow" and that his son's mother is unable to work full time due to irritable bowel syndrome. *Id.* The Court finds that these are insufficient circumstances to justify compassionate release. First, Mr. Wilson does not claim that there is no support for his son or that his son's mother is incapacitated and unable to support her son at all. The Sentencing Guidelines state that extraordinary and compelling reasons may be found where the caregiver for a minor child dies or is otherwise incapacitated. U.S.S.G. §1B1.13. The mere diminishment in caretaking ability does not rise to the level of extraordinary and compelling. *See United States v. Watson*, 494 F. Supp. 3d 259, 262 (W.D.N.Y. 2020) ("While the Court does not doubt that [d]efendant's incarceration is difficult for his family, and likely even more difficult during this pandemic, the situation described by [d]efendant and his fiancée does not rise to the level of 'extraordinary and compelling' circumstances so as to justify a sentence reduction."). Mr. Wilson's situation is "comparable to those unfortunately experienced by many families of individuals incarcerated within the BOP." *Id.* Furthermore, Mr. Wilson does not claim to be the only person available to care for his son and, given his own allegations that he is unable to adequately perform day-to-day

6

activities as a reason to justify release, it is unclear how he believes he will be able to provide financial assistance. *See* Docket No. 56 at 2 (stating that he has "serious impairment of day-to-day functioning"); *see also United States v. Jackson*, 2020 WL 6110998, at *2 (D.S.C. Oct. 16, 2020) ("Jackson further fails to articulate how he would be able to care for his own children . . . in light of his own current limitations."). Accordingly, there are not extraordinary and compelling reasons to justify compassionate release.

Although the Court need not analyze the § 3553(a) factors if a defendant fails to meet any of the other steps, *McGee*, 992 F.3d at 1042, the Court finds that the § 3553(a) factors would not support a sentence reduction, particularly the ability to provide deterrence. Sections 3553(a)(2)(A) and (B) require the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, [and] to afford adequate deterrence to criminal conduct." As the Court noted at sentencing, Mr. Wilson is a habitual offender with a long criminal history. *See* Docket No. 52 at 14-15. While Mr. Wilson is correct that this sentence is the longest he has ever received, Mr. Wilson has a history of receiving lenient sentences and then failing to meet the terms and conditions of probation or parole. *Id.* at 14. The § 3553(a) factors would not support a sentence reduction were Mr. Wilson able to demonstrate extraordinary and compelling reasons justifying release.

### III. CONCLUSION

For the foregoing reasons, it is

7

**ORDERED** Defendant's Supplement to Motion for Compassionate Release [Docket No. 61] is **DENIED**. It is further

**ORDERED** that Mr. Wilson's pro se Motion for Compassionate Release [Docket No. 56] is **DENIED**.

DATED June 3, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge